IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

RUSSELL GAITHER,                              )
                                              )
              Plaintiff,                      )
                                              )
       v.                                     )
                                              )        CV 120-094
SGT. JAMES DEAL, Warden; MARTY                )
ALLEN, Warden; DEPUTY WARDEN                  )
SHEENA BLACK; and MR. ODGEN,                  )
                                              )
              Defendants.[1]                  )

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, an inmate at Augusta State Medical Prison in Grovetown, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983 regarding events alleged to have occurred at Georgia State Prison ("GSP") in Reidsville, Georgia.  (Doc. no. 1.)  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), motions for appointment of counsel be **DENIED AS MOOT**, (doc. nos. 3, 5), the motion to amend be **DENIED AS MOOT**, (doc. no. 7), and this action be **DISMISSED** without prejudice.

I.     **BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

---

[1]The Court **DIRECTS** the **CLERK** to update the list of Defendants on the docket in accordance with the caption of this Order, which is consistent with the complaint. (Doc. no. 1, p. 1.)

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II.    DISCUSSION

### A.    Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

A review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed as frivolous or for failure to state a claim and count as strikes: (1) Gaither v. Archar, CV 315-043 (S.D. Ga. Aug. 25, 2015) (dismissing without prejudice for failure to disclose litigation history)[2]; (2) Gaither v. Pullin, 5:14-CV-00260-MTT-CHW (M.D. Ga. Aug. 21, 2014) (dismissing for failure to state a claim); and (3) Gaither v. Chapman, 3:13-CV-00125-CAR-CHW (M.D. Ga. Dec. 9, 2013) (dismissing for failure to state a claim); see also Gaither v. State of Ga., CV 619-049, doc. nos. 34, 35 (S.D. Ga. Feb. 14, 2020) (recounting history of § 1915(g) case dismissals based on three strikes); Gaither v. Hooks, CV 616-009,

---

[2]Lying under penalty of perjury about existence of prior lawsuits is an abuse of the judicial process and qualifies as a strike under § 1915(g). Rivera, 144 F.3d at 731.

doc. nos. 17, 26 (S.D. Ga. Sep. 26, 2016) (dismissing for three strikes under § 1915(g); dismissal also recommended for failure to state a claim); Gaither v. Arthur, CV 316-010, doc. nos. 12, 18 (S.D. Ga. Apr. 26, 2016) (dismissing for three strikes under § 1915(g)). Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017)

### B.    Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Here, on December 4, 2019, Plaintiff signed his complaint and then filed it in the Northern District of Ohio.  (Doc. no. 1.)  The complaint primarily alleges Plaintiff was denied adequate supplies to pursue his legal claims while incarcerated at GSP.  (Id. at 3-6.)  Plaintiff further contends he suffered "actual injury" because his ability to write the Court has been "frustrated" and "impeded."  (Id. at 6.)  Notably, however, Plaintiff is currently incarcerated at ASMP. Furthermore, courts have found denial of access to the courts insufficient to establish imminent danger of serious physical injury.  See Skillern v. Edenfield, No. CV 610-044, 2010 WL 5638731, at *2 (S.D. Ga. Dec. 21, 2010), adopted by, Skillern v. Edenfield, No. CV 610-044, 2011 WL 241030 (S.D. Ga. Jan. 24, 2011) (finding plaintiff's claim defendants violated his right of access to the courts "plainly inadequate to bring [his] case within the imminent danger exception"); Ball v. Price, No. 2:08-CV-365-MEF, 2008 WL 2278144, at *1 (M.D. Ala. May 30, 2008) (finding plaintiff's claim defendants denied him access to the courts did not indicate he was under imminent danger of serious physical injury).  As Plaintiff's allegations do not

even challenge his current conditions of confinement, it is clear he is not in any imminent danger. Therefore, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

**C.    The Complaint Should Also Be Dismissed Because Plaintiff Failed to Disclose His Prior Cases and His Acquiring Three Strikes under the PLRA**

The form complaint Plaintiff used to commence this case, "Form to Be Used by a Prisoner In Filing a Civil Rights Complaint," requires that prisoner plaintiffs disclose whether they have begun other lawsuits in state or federal court dealing with the same facts involved in the current action or otherwise relating to the conditions of their imprisonment. (Doc. no. 1, p. 1.) Under this question, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the court hearing the case, the date of filing, and disposition. (Id.) If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id.)

Plaintiff failed to disclose all cases concerning lawsuits brought while incarcerated and dealing with facts related to the conditions of his confinement. (Id. at 1-3.) In addition to the cases stated in Part II(A), *supra*, the Court is aware of at least two other cases Plaintiff filed relating to the conditions of his imprisonment but failed to disclose: (1) Gaither v. Winchell, et al., CV 620-021, (S.D. Ga. Mar. 24, 2020); (2) Gaither v. Bobbit, CV 620-004, (S.D. Ga. Mar. 18, 2018). Plaintiff's answers about filing other federal lawsuits in this case is blatantly dishonest, and therefore, even if Plaintiff were permitted to proceed IFP, the case should be dismissed without prejudice as a sanction for the dishonesty.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for

the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (per curiam) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (per curiam) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (per curiam) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), adopted by Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), aff'd, 197 F. App'x 818 (11th Cir. 2006).

## III.    CONCLUSION

In sum, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g).  Thus, he fails to demonstrate that he should be excused from paying the full filing fee.  Furthermore, even if Plaintiff were allowed to proceed IFP, the case should be dismissed because he has abused the judicial process by providing dishonest information about his filing history.  Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.  Because Plaintiff is not entitled to proceed with this case, the Court also **REPORTS** and **RECOMMENDS** his motions for appointment of counsel be **DENIED AS MOOT**, (doc. nos. 3, 5), and motion to amend be **DENIED AS MOOT**, (doc. no. 7).  If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 4th day of August, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA